IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID DUNLAP,

      Plaintiff,

vs.                                                     5:09CV207-MCR/AK

STATE OF FLORIDA, et al,

      Defendants .

_____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 11). Plaintiff has paid the full filing fee, but his amended complaint cannot be served upon any of the named defendants for the following reasons. Plaintiff claims that the defendants participated in his illegal arrest, denied him due process with regard to his trial, and he seeks as relief the dismissal of his criminal charges and $7.5 million in damages.

As an initial matter, Plaintiff has provided no dates or specific facts to support his claims against the defendants. He does not explain what charges were filed against him, what the disposition of these charges was, when the events of which he complains occurred, or how the actions of each defendant specifically resulted in a false arrest. If Plaintiff is presently incarcerated on the charges of which he complains, then he should seek appropriate relief in state court to overturn his conviction or, if appropriate, a federal habeas petition. Plaintiff is challenging his state court conviction, raising issues

related to the evidence against him and procedures related to his criminal trial, and these are habeas issues, not civil rights violations. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck, 512 U.S. 477, 114 S. Ct. at 2372. As for his claim for damages related to the alleged false arrest and illegal incarceration, this claim is barred unless the sentence or conviction has been reversed or invalidated. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

The Court has received Plaintiff's response to the previous show cause order wherein he states that he has no pen or paper, but he has filed this lawsuit and he is responsible for proceeding regardless, including taking whatever action necessary to obtain writing materials. Even though he has paid the full filing fee, the Court will not serve a complaint that would be subject to immediate dismissal or which is too vague for the Defendants to respond to.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his

claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **October 2, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  *17th*  day of September, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**